By the Court :
In the case of the plaintiff in error against Melissa Glenn, recently affirmed, this court has decided all the questions of error which are common to both cases, and they will not be further considered in this opinion. Here, however, it is asserted by the plaintiff in error, that the wife, Melissa, having recovered for the injuries she sustained through the negligence of the railroad company, the husband, defendant in error, is without a right of action for his loss of her services while disabled by such injuries, or for expenses necessarily incurred by him in caring for her and healing her of the same. This assertion is connected with the proposition that if there once existed at common law in this state a right of action in the husband to recover on such grounds, it has been superseded or taken away by statute. It is not seriously questioned by counsel, that at common law, the husband is entitled to the society and services of his wife, and that for the invasion of such right to his damage, he could maintain an action. And this right of the husband is not affected by the fact that the wife has sued and recovered for the damages she has sustained.
*399 It is not averred in the answer in this case, nor claimed in argument, that Mrs. Glenn, in her petition against the railroad company, made any demand for the expenses of her care, or medical or surgical treatment; and of course the loss of her services to the husband, while she was disabled by reason of her injuries, could have formed no part or element of her suit. Hence, it is still the law, that for such expenses and loss of services, the husband has a right of action against one whose negligence or wrong inflicted the injuries, unless the right is taken away by legislation. It is said this change has occurred by reason of Revised Statutes, Secs. 3108 to 3117, inclusive. These sections are found under the title “Husband and wife,” and they make some brief provisions regarding the marriage relation, some of which are not new to, or an improvement upon the common law: For example, Sec. 3108 states that “husband and wife contract toward each other obligations of mutual respect, fidelity and support;” and Sec. 3110 makes it the duty of the husband to support himself, wife and minor children. If he is unable to do so, the wife must assist him so far as she is able. There is nothing new or novel in this statement of duty. The only other section which makes any approach to our subject is 3111, which provides that “neither husband nor wife has any interest in the property of the other, except” dower in real estate. This section does not abridge the common law right of the husband in this case. He is not asking for any interest in the property of the wife. She never had any interest in his cause of action. For her personal injuries and suffering incident thereto, she has exercised her separate right of action, but she has not and could not *400 assert in her action the grounds for recovery which exist only in the husband.
In brief, there is nothing in these sections, or any of them, which abridges the right of the husband to recover as he has done in this case. The holdings of the lower court being in harmony with these views, its judgment is affirmed.

Judgment affirmed.

Burket, Speak, Davis, Shatjck and Price, JJ., concur.